## HENDERSON v. PERCY.*
### No. 16012.

Court of Appeal of Louisiana. Orleans.
Feb. 18, 1935.

P. M. Milner, of New Orleans, for appellant.

Jos. Rosenberg and Cyril F. Dúmaine, both of New Orleans, for appellee.

WESTERFIELD, Judge.

On the night of March 7, 1934, Claudia Taite, a negro cook, was seriously injured as the result of being struck by an automobile driven by Henry D. Percy. She brought this suit against Percy for damages for physical injuries, which she placed at the sum of $10,910. There was judgment below in plaintiff's favor for the sum of $3,000, and defendant has appealed.

The accident occurred on St. Charles avenue near the driveway leading into Loyola University and a short distance from Calhoun street. St. Charles avenue is a wide boulevard separated by a neutral ground, with street car tracks in the center and a roadway on each side. Claudia, who was employed in the cafeteria connected with Loyola University, left that institution at about 8 p. m. for the purpose of going home. She crossed the sidewalk and entered the paved roadway with the intention of crossing to the neutral ground and boarding a St. Charles avenue street car. She was struck by defendant's automobile before reaching the neutral ground. According to her testimony and that of the witnesses who supported her, she had almost crossed the roadway and had one foot on the neutral ground, when the defendant, driving very rapidly, knocked her on the neutral ground, and caused the injuries for which she seeks compensation in this proceeding. The defendant Percy's version of the accident is that he was driving his Chrysler car along St. Charles avenue with his wife sitting next to him and holding in her lap their small child; that as he reached a point almost abreast of Loyola University, plaintiff darted out from behind a parked automobile directly in his path; and that, in an unsuccessful effort to avoid striking her, he turned sharply to the left and crossed the neutral ground curbing, striking a small tree which bordered the neutral ground at that point, his car coming to rest about 30 feet beyond the point of impact with the plaintiff's body.

The principal charge of negligence against the defendant is that he was driving at a speed in that locality which, under art. V, paragraph 3, subparagraph (b) of the traffic ordinance, No. 13,702, C. C. S., should not have been more than "Fifteen miles an hour when passing a school during school recess or while children are going to or leaving school during opening, recess or closing hours." Other charges of negligence are that Mr. Percy failed to keep a proper lookout and "was either asleep or engrossed in conversation with his wife" at the time of the acci-

*Rehearing denied March 4, 1935.

dent. In refutation of the defendant's claim that plaintiff darted from behind a parked automobile, plaintiff's counsel contends that there were no automobiles parked in the vicinity. The application of the quoted section of the traffic ordinance is in dispute, defendant contending that Loyola University is not such a school as is contemplated by the ordinance, which, it is said, applies only to children and not to grown men, such as the students are shown to have been who were attending classes at Loyola night school at the time of the accident.

Whether this ordinance applies to Loyola night school is a question which is at least doubtful, but one which we find it unnecessary to decide for the reason that we do not consider the speed of defendant an important factor in the case. If he had been going 15 miles an hour and his version of the accident is correct, he could not have avoided striking plaintiff and injuring her, though, perhaps, not as severely. On the other hand, if he had been going 25 or 30 miles an hour, as plaintiff claims, ordinance or no ordinance, and the accident occurred in the manner insisted upon by plaintiff's counsel, he is plainly guilty of negligence, for, according to that version of the occurrence, the plaintiff, Claudia Taite, was in plain view of the defendant, having traversed the roadway with her foot on the neutral ground, and there was an unquestionable opportunity for him to bring his car to a stop, or to have turned to the right. In either case, he would have avoided striking the plaintiff. The determining factor in the case in our minds is the locality of the accident and the position of the plaintiff just before contact with the automobile. If she darted out from behind a parked car, it is clear that no amount of care on Percy's part could have avoided the accident, and he can be charged with no negligence because of the unfortunate result. Plaintiff, in her testimony, gives her position at the time she was struck as having one foot on the neutral ground and one on the roadway. She is corroborated by Irma Nero, her fellow servant and companion at the time of the accident. Father Whipple, a priest connected with Loyola University, testified that he heard a crash and went to the scene of the accident believing that some one might need spiritual aid and found the plaintiff lying on the neutral ground.

As against this testimony, defendant produced Peter Danti, an engineer of the Pelican Cracker Factory, who repaired defendant's car and stated that the only injury was to its right headlight and fender, the right side of the car being the nearest to the sidewalk from which Claudia entered the roadway. Capt. Edward J. Smith, of the Seventh precinct police station, testified that there were skidmarks on the pavement indicating that the brakes had been applied some distance before the car reached the neutral ground. Sidney L. David, a motorman on the St. Charles street car, testified that his car was traveling in the same direction and about 250 feet behind the Percy automobile and that, when he reached the scene of the accident, plaintiff was lying in the middle of the street. Everett Marks, the conductor of the street car, gave the same testimony. Althen Kernion, twenty-eight years of age and a student of the Loyola night school, who was on the neutral ground facing the University and intending to cross for the purpose of going to his class, testified that he saw the plaintiff emerge from behind a parked car and run across the street in front of the automobile, and after the accident he saw some one pick her up and put her on the neutral ground. Robert Eppling, thirty-one years of age, also a student at Loyola and receiving teller at the Whitney Bank, testified to substantially the same facts as Kernion, as did also Percy, the defendant, and Mrs. Percy.

It is evident, from this review of the testimony of the eyewitnesses, that the evidence clearly preponderates in favor of the proposition that plaintiff was struck as she darted out or ran out from behind a parked automobile and not at a point on or near the neutral ground. With the exception of the plaintiff, Irma Nero, plaintiff's companion, is the only witness who could be said to have corroborated her testimony. Father Whipple testified only to the situation as he found it when he reached plaintiff after the accident, and, as appears from the evidence of other witnesses, plaintiff, in the meantime, had been moved from the center of the street to the neutral ground.

We have been at pains to examine the record very closely, because of our reluctance to disturb the finding of the trial court in a matter which we believe depends so largely on an appreciation of testimony. We are somewhat relieved of the embarrassment, however, by a consideration of the reasons for judgment given by our brother below, from which it appears that the determining factor in his mind was the speed of the defendant's car, which was admittedly beyond 15 miles per

hour, the maximum established by the city ordinance for school zones, which he considered applicable. It thus appears that our difference with our brother below is in the view which he entertained concerning the importance of certain issues and not in his appreciation of the facts.

Our conclusion is that the judgment appealed from is erroneous. Consequently, and for the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that there be judgment herein in favor of defendant, Henry D. Percy, and against plaintiff, Mrs. Claudia Henderson Taite, dismissing the suit at her cost.

Reversed.